285 So.2d 783 (1973)
Rufus Lee BURNETT
v.
STATE of Mississippi.
No. 47519.
Supreme Court of Mississippi.
November 26, 1973.
Abraham & Gleason, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
This case came to this Court from the Circuit Court of Washington County, Mississippi, wherein the appellant, Rufus Lee Burnett, was convicted of the crime of shoplifting. He was sentenced to serve a term of four (4) years in the state penitentiary.
The appellant complains that the court refused to dismiss the court-appointed attorney and to grant him a continuance, so that his relatives could help him financially to employ an attorney or, given time, he could work and earn the money to employ his own attorney. He also complains that the court should have quashed the indictment on motion of the appellant, because the indictment charges more than two offenses prior to the third offense. Moreover, it is said that Sections 2374-01 and 2374-02, Mississippi Code 1942 Annotated (Supp. 1972) [Mississippi Code 1972 Annotated § 97-23-45 and § 97-23-47] are unconstitutional.
We are of the opinion that there is no merit in the assignments of error presented. The motion of an indigent prisoner requesting the court to dismiss his court-appointed attorney is addressed to *784 the sound discretion of the trial judge. See United States v. Pigford, 461 F.2d 648 (4th Cir.1972). Compare Evans v. State, 273 So.2d 495 (Miss. 1973).
The appellant was not entitled to a continuance so he could work and earn money with which to employ an attorney; nor was he entitled to a continuance so that his relatives might agree to help him obtain an attorney.
Under the facts in this case it is clear that the trial judge's decision to overrule the motions was not "a clear abuse of his discretion" and did not prejudice appellant's constitutional rights. Appellant, an indigent defendant, was afforded competent counsel who argued his case at trial and on this appeal. It cannot be said that the appointed counsel was ineffective. There is no showing that the appellant or his relatives had attempted to contact an attorney up to the day the case was set for trial. Moreover, sufficient money to meet the bail bond had not been raised. Based on these facts, we are of the opinion that the judge was properly exercising his discretion in refusing to dismiss counsel or to grant a continuance.
On the other hand, we are convinced that the judgment of the trial court in sentencing the defendant to the penitentiary on a felony charge must be reversed and remanded in view of our duty where a plain error appears in the record. See Rule 6(b), Miss.Sup.Ct.Rules.
The indictment in the instant case charges the defendant with shoplifting as defined by the statute. It then alleges that the defendant had been previously convicted of shoplifting on three (3) different occasions in a municipal court.[1] Although it does not allege that the defendant was ever tried for and convicted of a second offense, it apparently attempts to charge a conviction of a third offense since it uses the word "feloniously". The trial judge sentenced the defendant to the penitentiary, and he must have assumed that the indictment charged a felony as defined in Section 2374-01[2] [§ 97-23-45], supra, and Section 2374-02 [§ 97-23-47], supra, although the value of the property taken is *785 not alleged as required by Subsection (d), Section 2374-02 [§ 97-23-47(4)], supra.
The penalty for shoplifting set out in Section 2374-02 [§ 97-23-47], supra, is in the following language:
"(1) Any person committing the first offense of shoplifting when the value of the goods, wares or merchandise taken is less than twenty-five dollars ($25.00), shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than twenty-five dollars ($25.00) nor more than three hundred dollars ($300.00), or by imprisonment in the county jail for a term of not less than five (5) days nor more than six (6) months, or by both such fine and imprisonment in the discretion of the court.
(2) Upon commission of a second offense when the value of the goods, wares or merchandise taken is less than twenty-five dollars ($25.00), the person committing same shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00) or by imprisonment in the county jail for a term of not less than thirty (30) days nor more than one (1) year or by both such fine and imprisonment in the discretion of the court.
(3) Upon commission of a third or any subsequent offense, regardless of the value of the goods, wares or merchandise taken, the person committing same shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in the state penitentiary for a term of not less than one (1) nor more than five (5) years.
(4) When the value of the goods, wares or merchandise taken shall be twenty-five dollars ($25.00) or more any person who shall commit the offense of shoplifting, whether same shall be a first or subsequent offense, shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in the state penitentiary for a term of not less than one (1) nor more than five (5) years." § 2374-02, Miss.Code 1942 Ann. (Supp. 1972); Miss.Code of 1972 Ann. § 97-23-47.
Under a similar statute [Section 2613, Mississippi Code 1942 Annotated (1956), (§ 97-31-27, Mississippi Code 1972 Annotated)], where the crime of selling intoxicating liquor is divided into three parts, gradually increasing the penalty so that the third sale of intoxicating liquor in violation of the statute became a felony, this Court held that the failure of the indictment to allege a second sale as such was fatal to a felony charge for the violation of the statute on a third unlawful sale of intoxicating liquor.
In McGowan v. State, 269 So.2d 645 (Miss. 1972) we quoted from Brewsaw v. State, 168 Miss. 371, 151 So. 475 (1933), wherein we said: "`... We hold, therefore, that the indictment failed to sufficiently charge the felony, and the demurrer thereto should have been sustained.'" [269 So.2d at 647]. We reversed the judgment and remanded the case. We also pointed out that the best evidence of a former conviction is the judgment of conviction.
It is true that the defendant did not file a demurrer to the indictment in the instant case, but, under the indictment the defendant was not charged with a felony for which he could be sentenced to the penitentiary. We had this question before us in Rogers v. State, 198 Miss. 495, 22 So.2d 550 (1945). We said:
"As in Millwood v. State, supra, [190 Miss. 750, 1 So.2d 582] the appellant did not demur to the indictment, but since the allegations omitted therefrom go `to the very essence of the offense attempted *786 to be charged the omission thereof was not waived by appellant's failure to demur thereto.' Herron v. State, 118 Miss. 420, 79 So. 289." 198 Miss. at 498, 22 So.2d at 551.
We think that the authorities cited in McGowan v. State, 269 So.2d 645 (Miss. 1972), with reference to Section 2613(a-c), Mississippi Code 1942 Annotated (1956) [Mississippi Code 1972 Annotated § 97-31-27 (a-c)], are applicable to the graduated scale of punishment under Section 2374-02, Mississippi Code 1942 Annotated (1956) [Mississippi Code 1972 Annotated § 97-23-47].
We reverse the judgment and sentence of the trial court in the instant case and remand the case for sentence to accord with Section 2374-02, Subsection (b) [§ 97-23-47(2)], supra, for a second offense.
Reversed and remanded.
PATTERSON, SMITH, ROBERTSON, and SUGG, JJ., concur.
NOTES
[1] "THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful men of the County of Washington, duly elected, empaneled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths, present: That RUFUS LEE BURNETT late of the County aforesaid, on the 6th day of January, in the year of our Lord 1973, in the County aforesaid, did then and there unlawfully, wilfully and feloniously commit the crime of shoplifting in that he the said Rufus Lee Burnett did then and there as aforesaid did unlawfully, wilfully and feloniously take, steal and carry away three shifts of the property of W.T. Grant Co., Inc., a corporation, of the total and aggregate value of $23.88, in money, a further description of the said three shirts being to the Grand Jurors unknown, he, the said Rufus Lee Burnett, having been previously convicted of the crime of shoplifting in the Municipal Court of the City of Greenville, Mississippi, on the 23rd day of December, 1969, the said Rufus Lee Burnett having been previously convicted of the crime of shoplifting in the Municipal Court of the City of Greenville on the 18th day of February, 1968, the said Rufus Lee Burnett having been previously convicted of the crime of shoplifting in the Municipal Court of the City of Greenville, Mississippi, on the 19th day of August 1966, and the said Rufus Lee Burnett having been previously convicted of the crime of shoplifting in the Municipal Court of the City of Greenville on the 20th day of December, 1965, against the peace and dignity of the State of Mississippi."
[2] "Any person who shall wilfully and unlawfully take possession of any goods, wares or merchandise owned or held by and offered or displayed for sale by any store or other mercantile establishment with the intention and purpose of converting such goods, wares or merchandise to his own use without paying the purchase price therefor shall be guilty of the crime of shoplifting and, upon conviction, shall be punished as is hereinafter provided." Miss.Code 1942 Ann. (Supp. 1972) § 2374-01 [Miss.Code 1972 Ann. § 97-23-45].