369 So.2d 500 (1979)
Lummie Bobby COLLINS
v.
STATE of Mississippi.
No. 51098.
Supreme Court of Mississippi.
April 4, 1979.
Moore, Epps & Selph, W.S. Moore, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and SUGG and COFER, JJ.
COFER, Justice, for the Court:
Lummie Bobby Collins, appellant, was indicted and convicted in the Circuit Court of the First Judicial District of Hinds County on a charge of embezzlement of a rented car. From the conviction and sentence of ten years in the Mississippi Department of Corrections (with seven years suspended, five of which are under supervised probation), he has taken this appeal assigning as error (1) failure of the lower court to allow withdrawal of counsel and to grant appellant's request for a continuance; (2) the lower court's refusal to grant to him requested directed verdict and peremptory instruction; and (3) that the verdict is against the overwhelming weight of the evidence.
Collins had rented the vehicle for a forty-eight hour period ending at eleven o'clock a.m. on February 15, 1977. It was not returned and about the end of the month, Collins called the manager of the car rental agency stating he was in West Memphis, Arkansas, and wanted permission to pay a further rental to a similar agency in that area to permit his further retention of the vehicle. This was not approved, however, *501 and the car was never redelivered to the owner. The vehicle was discovered on a street near the rental agency on March 1, 1977, with severe damage to a part of its body, and its possession was taken by the owner.
Collins used one witness, Johnny Austin, who testified that, on a Sunday night close to midnight, he could not say the month or the day of the month, Collins asked him to follow him to take the car to the garage, the rental office, and when he got there, the door was down, and he left the car there when he had placed the car keys and a note over the sun visor. (As pointed out above, the car was not at this location when it was found.)
Collins was indicted on July 11, 1977. For some reason, he was not arraigned until about the middle of April 1978, at which time a speedy trial was requested and the case went to trial on May 10, 1978. On that day, his attorney filed and presented a motion to quash the indictment. When the court overruled the motion, the attorney moved for permission to withdraw as Collins' counsel, saying Collins felt he would be better served by another attorney. Collins said he had not had time to explain to the attorney about the case and to get all the necessary information so they wanted a continuance "until I could get all the witnesses I would have." The attorney, who had been retained by Collins' family, stated to the court that he had made thorough preparation for the trial and was of the opinion that he had present the witnesses necessary for the trial, but, if Collins so felt, perhaps he could not do the job Collins thought he should do. The motion was denied.
Under the circumstances detailed, it is our view that, if Collins wanted other counsel, he had abundant time and should have arranged therefor in advance of the day the trial was begun. The request was untimely. Ladnier v. State, 273 So.2d 169 (Miss. 1973). Following the same reasoning, Collins' motion for a continuance, if motion it was, was not worthy of favorable consideration. There was no compliance with Mississippi Code Annotated, section 99-15-29 (1972), which contains requisites of such a motion. If all these steps had been met, however, the motion was untimely made and action on it lay in the sound discretion of the court, which ruled wisely. McClendon v. State, 335 So.2d 887 (Miss. 1976).
The conviction and sentence were not contrary to the overwhelming weight of the evidence. There is, therefore, no persuasiveness in the assignments of error as to the weight of the evidence or as to the court's refusal of directed verdict and peremptory instruction.
The case is affirmed.
AFFIRMED.
PATTERSON, C.J., and SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.