378 So.2d 631 (1979)
Willie SHAW
v.
STATE of Mississippi.
No. 51576.
Supreme Court of Mississippi.
December 19, 1979.
Eaves & Eaves, G. Jyles Eaves, Henry L. Rodgers, Louisville, for appellant.
A.F. Summer, Atty. Gen., by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and WALKER and BROOM, JJ.
*632 BROOM, Justice, for the Court:
Aggravated assault is the offense for which appellant Willie Shaw (defendant) was convicted in the Circuit Court of Choctaw County. He was given a sentence of ten years imprisonment, and now argues several grounds for reversal. We affirm.
Salient facts are the following. The defendant was driving upon a public highway *633 on January 22, 1979 when Officer Brill came up behind him and arrested him for reckless driving after observing the manner in which the defendant was operating his automobile. When the defendant resisted Brill's efforts to arrest him, Brill called for help and other officers responded. The defendant continued to resist and Brill struck him with a "slap-stick". After considerable difficulty the officers took the defendant to the sheriff's office in Ackerman where the defendant threatened Brill. An intoximeter test was refused by the boisterous defendant who continued his resistance and abusive language. During the episode the defendant wielded a knife before he was finally placed in a jail cell. After Dr. Pennington was called to the jail to attend to the defendant's wounds, again he assaulted the officers and grabbed at Officer Brill's weapon. Upon the doctor's advice, the defendant was hospitalized and his scalp wounds sutured. In summary, it is fair to say that the defendant continued violent resistance to his arrest until he was hospitalized.
First argument made is the defendant's assertion that the lower court erroneously refused to grant him a continuance. He says his attorney needed more time to prepare for trial. The indictment before us was returned by the Grand Jury on February 21, 1979, on which date the defendant employed defense counsel. On February 22nd (the day after return of the indictment) hearings were had on motions filed by the defendant including his motion for a continuance, and the trial on the merits was set for Friday, March 2, 1979; next to the last day of the court term. In denying the motion for continuance, the trial judge stated:
The Court observes that from the date this case was set until the date of trial there will be eight days elapsing. While defense attorney has several other matters set between now and then, this Court, being aware of the competence of this particular defense attorney and the excellent manner in which he does prepare for trial, does feel that he has adequate time to do so in this case. Therefore, the motion for continuance is overruled.
On March 2, 1979 at the trial of this cause the trial court again considered and denied appellant's motion for continuance, stating:
The Court finds that the lead defense counsel in this trial, Honorable G. Jyles Eaves, from the Court's own experience, of which the Court takes notice, is a very capable lawyer, particularly in the field of criminal matters, he being a former district attorney of this district. The Court also takes notice that Mr. Eaves lives about sixteen miles from this courthouse, that he has been employed in this case since the 21st day of February, this being the 2nd day of March, 1979. The Court notes that he is employed, and not appointed counsel. The Court believes that Mr. Eaves has had ample time to prepare this case for trial, there being nothing in the record or in the hearing of the motions which the Court has had this morning to indicate that it is any particularly complex matter and the Court notes that all witnesses are locally available and, further, the Court believes that Mr. Eaves is ready for trial and will present his usual excellent defense. Motion overruled.
In arguing that the continuance should have been granted, the defendant states that:
... it was a case that required much work to prepare for trial. The Defendant was a policeman. The Mayor, Aldermen and other police were to be interviewed. Since the fight was between many white officers and one Negro policeman, the Attorney must determine whether the case should be transferred out of Choctaw County.
His motion was based upon the ground that his attorney was personally engaged in previously set cases in different courts. He urged that his attorney did not have enough time to prepare for trial. Pertinent is Mississippi Code Annotated § 99-15-29 (1972) which in part provides that:

*634 ... The court may grant or deny a continuance, in its discretion, ... . A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom.
In summary, our decisional law construing the statute is that in considering whether a continuance should have been granted, each case must be decided solely on its own merits and no rigid rule can be laid down.
It is noteworthy that the record is devoid of any evidence or proof as to precisely how additional time by way of continuance might have been used to his advantage. There was merely the naked statement of counsel that he had other cases set for the term of the Choctaw County Circuit Court (in which the defendant was tried) and other counties in the district. We find no merit to this argument on this record where defendant's privately employed counsel had eight days to prepare for trial. He was ably and vigorously represented throughout the trial by an outstanding attorney who is a former district attorney. The record does not show that the defendant was prejudiced by refusal of the trial court to grant the requested continuance. Neither does the record show any analysis or proof demonstrating clearly the existing situation regarding counsel's overburdened case load, and that it clearly precluded counsel from his duties in properly representing the defendant. See Brown v. State, 252 So.2d 885 (Miss. 1971).
Another contention is that the prosecutor's jury argument contained a prejudicial reference to the "well-known civil rights movement against officers and the county jails and was made to the prejudice of a black policeman on trial for attacking a white officer." The argument fails because there is nothing in the record to support this contention. It is true that during the course of the trial it came out that a lawsuit had been filed against the Sheriff of Choctaw County, but nowhere in the testimony is it stated that such lawsuit was racially motivated. The prosecuting attorney's statements in his closing argument were based on the testimony that the lawsuit had been filed.
Significant and noteworthy is the fact that the language objected to makes no mention of race, but was a reference to testimony in the record explaining why the arresting officers considered transferring the defendant to another jail (the Choctaw County jail was the subject of the lawsuit). There is no merit to this proposition raised by the defendant.
Thirdly, the defendant contends the trial court erred in refusing to permit him to testify that he had no intention of injuring the patrolman. Relied upon by the defendant is the line of cases supporting the general rule that an accused may testify in his own behalf that he did not intend to commit the acts constituting his alleged crime. Nevertheless, his argument is unavailing because, from his own testimony, it is made to clearly appear that he did not remember any of the events relating to the incident in question. Accordingly, the trial judge did not commit reversible error in refusing to allow the defendant to testify as to his intent. In view of the defendant's lack of memory about the events at issue, had he been allowed to testify that he did remember what his intent was, he would have been impeaching himself. From the authorities cited by the defendant, in order for him to be properly allowed to testify as to his intent, he must have at least some recollection of the events and circumstances, and be able to recollect what his intent was. Such is not the case here and the argument is rejected.
Also argued as grounds for reversal is the defendant's contention that the indictment failed to have the necessary affidavit attached to establish that at least fifteen grand jurors were present and that at least twelve of them concurred in the indictment. There is no merit to this argument under our recent decisions in Jackson v. State, 377 So.2d 1060 (Miss.) and McCormick, Jr. v. State, 377 So.2d 1070 (Miss.), both of which were rendered December 12, 1979.
*635 Several other arguments are advanced, but none of them merit discussion.
The evidence in this case is very strong if not overwhelming that the defendant committed the offense for which he was sentenced and although he did not receive a perfect trial, we think he received a fair trial and that no reversible errors occurred. Our decision is made upon consideration of the very excellent briefs and careful examination of every point raised. Accordingly, we must affirm.
AFFIRMED.
SMITH and ROBERTSON, P.J., and BOWLING and COFER, JJ., concur.
PATTERSON, C.J., and LEE and WALKER, JJ., dissent.
SUGG, J., took no part.
LEE, Justice, dissenting:
I think the demurrer to the indictment should have been sustained and, therefore, I dissent from the majority opinion for the reasons set forth in my dissenting opinion in Jackson v. State, 377 So.2d 1060 (Miss. 1979).
PATTERSON, C.J., and WALKER, J., join this dissent.