520 So.2d 1352 (1987)
William Allen HARRISON and Helen Harrison
v.
STATE of Mississippi.
No. 57256.
Supreme Court of Mississippi.
November 25, 1987.
Harry L. Kelley, Jackson, for appellants.
Edwin Lloyd Pittman, Atty. Gen., by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Helen Harrison and William Allen Harrison, mother and son, were jointly indicted in the Circuit Court of the Second Judicial District of Jones County, for the sale of cocaine. Following trial, the jury found both defendants guilty as charged and the trial judge sentenced Helen to eight (8) years imprisonment and William to twelve (12) years imprisonment and a $25,000 fine. They assign five (5) errors in the trial below. Both have been granted bond pending appeal.
On September 9, 1983, agents of the Laurel Police Department, Jones County Narc unit and Miss. Narc Bureau went to the Laurel home of the appellants. Agent Dwight O'Neal was wired with a radio transmitter from which the conversations between the Harrisons and him were monitored. He went into the Harrisons' driveway, knocked on the door, and Helen answered. He told her he wanted to buy three (3) grams of cocaine. She asked him to wait while her son "Moon Pie" William packaged the cocaine.
*1353 O'Neal remained on the front porch during the entire transaction. He looked through the window and saw William sitting at a table with a white, powdery substance, some plastic sandwich bags and a set of scales, and observed him weigh some of the substance. Helen asked to borrow O'Neal's cigarette lighter in order to heatseal the bags. She then delivered to O'Neal two bags of the white, powdery substance, for which O'Neal paid her four hundred dollars ($400.00). Laboratory analysis confirmed it to be cocaine.
Three other narcotics officers and a forensic scientist from the Mississippi Crime Laboratory testified for the State. The appellants rested without offering any evidence.

I.

APPELLANT WILLIAM HARRISON WAS DENIED COUNSEL OF HIS CHOICE GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS AND DEPRIVED OF DUE PROCESS OF LAW BY THE REFUSAL OF THE TRIAL COURT TO ALLOW PRIVATELY-RETAINED COUNSEL TO APPEAR FOR HIM.
Appellant contends he was denied counsel of choice. On May 20, 1985, J. Ronald Parrish was appointed by the court to defend the appellants after an indigency hearing. The appellant appeared pleased with the appointment. However, on September 19, 1985, the day of trial, Attorney Sebastian Moore appeared in court as retained counsel for appellant, unknown to Attorney Parrish or the court, and stated that appellant had given him a check for compensation, although he had not presented it to the bank.
The lower court told Attorney Moore that he could not be substituted as counsel until appellant first paid to the county the sum of five hundred dollars ($500.00) already expended in preparation for appellant's defense. Appellant replied that he could not pay $500.00 at that moment, but could, perhaps, have the money by the following week. With reference to repayment of the $500.00 expended by the county for an appointed attorney, Attorney Moore said: "... But I think that is inherently fair, and it is something that should be done."
At the time of making his appearance on September 19, 1985, the date the case had been set for trial, Attorney Moore filed an affidavit for continuance.
During the proceedings with reference to discussion of obtaining different counsel, the judge ruled upon the affidavit for continuance with the following language:
I will also tell you before you get started talking with him [Harrison] about repaying the county that this case will not be continued. It has been dragging along here now long enough and he has known when this case was set for trial.
Appellant argues that he has the absolute right to discharge his attorney and represent himself and, therefore, he has the right to discharge his appointed counsel and retain another at his own expense. In Collins v. State, 369 So.2d 500 (Miss. 1979), the defendant's attorney was retained by his family. On the day of trial, one month following arraignment, the defendant sought to discharge his counsel and substitute another. The trial court refused to allow withdrawal, and this Court affirmed, stating:
Under the circumstances detailed, it is our view that, if [defendant] wanted other counsel, he had abundant time and should have arranged therefor in advance of the day the trial was begun. The request was untimely. Following the same reasoning, [defendant's] motion for a continuance, if motion it was, was not worthy of favorable consideration. There was no compliance with Mississippi Code Annotated, section 99-15-29 (1972), which contains requisites of such a motion. If all these steps had been met, however, the motion was untimely made and action on it lay in the sound discretion of the court, which ruled wisely.
369 So.2d at 501 (Citations omitted).
In Burnett v. State, 285 So.2d 783 (Miss. 1973), this Court said that "[t]he motion of an indigent prisoner requesting the court *1354 to dismiss his court-appointed attorney is addressed to the sound discretion of the trial judge" and that defendant was not entitled to a continuance so that he could work and earn money with which to hire an attorney. 285 So.2d at 783-84.
The lower court observed that the case had "dragged on" for a long period of time; that it had been set for the day certain on September 19, 1985; and that the trial would not be delayed by the appearance of other counsel on that date, who opted for a continuance.
The assigned error is rejected.

II.
The appellant contends (2) that the court erred in not determining whether there would be a conflict in the representation of both defendants by the same court-appointed attorney; (3) in granting the State's Instruction # 3, which was an abstract statement of the law; (4) in not granting a new trial on the ground that the verdict was against the overwhelming weight of the evidence; and (5) in its questioning of a juror verbally-abused by another juror and in not reinstructing the jury after the trial judge sent the jury back to the jury room for further deliberation when it reported that it was unable to reach a verdict.
We have carefully considered all of those assigned errors and are of the opinion that there is no merit in them. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
ROBERTSON, J., files separate concurring opinion joined by HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ.
ROBERTSON, Justice, concurring:
I concur in the opinion of the Court and in the judgment there announced. I write separately to clarify a point.
From the record, it appears that the Circuit Court of Jones County has heretofore had a policy to this effect: before one criminally accused, who has enjoyed the services of court-appointed counsel, may substitute new retained counsel, that person must repay the public funds already expended or obligated to court-appointed counsel. Whatever rights the state and county may have in the event such an accused, as trial approaches, becomes less indigent than he originally imagined, those rights do not include authority to deny to the accused the right to (retained) counsel of choice for his trial, period.
Powell v. Alabama, 287 U.S. 45, 53 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932) holds a criminal defendant entitled to a fair opportunity to secure counsel of choice. Lower federal courts have consistently recognized this right, emanating as it does from the Sixth and Fourteenth Amendments to the Constitution of the United States. See United States v. Panzardi Alvarez, 816 F.2d 813 (1st Cir.1987); United States v. Cicale, 691 F.2d 95 (2d Cir.1982); Davis v. Stamler, 650 F.2d 477 (3d Cir.1981); Sampley v. Attorney General of North Carolina 786 F.2d 610 (4th Cir.1986); Gandy v. Alabama, 569 F.2d 1318 (5th Cir.1978); United States v. Dinitz, 538 F.2d 1214 (5th Cir.1976); Linton v. Perini, 656 F.2d 207 (6th Cir.1981); United States ex rel. Kleba v. McGinnis, 796 F.2d 947 (7th Cir.1986); United States v. Lewis, 759 F.2d 1316 (8th Cir.1985); United States v. Lustig, 555 F.2d 737 (9th Cir.1977); United States v. McConnell, 749 F.2d 1441 (10th Cir.1984); United States v. Koblitz, 803 F.2d 1523 (11th Cir.1986) (trial court's failure to directly inform criminal defendants of the need to obtain substitute counsel violates Sixth Amendment right to counsel of choice); United States v. Burton, 584 F.2d 485 (D.C. Cir.1978).
A like right to (retained) counsel of choice is secured by this state's constitution. Miss. Const. Art. 3, § 26 (1890). It is among those rights one may claim, notwithstanding society may deem it inconvenient. See In re Brown, 478 So.2d 1033, 1036 (Miss. 1985).
*1355 Where an accused such as Harrison appears on the morning of trial with a new lawyer and asks for a continuance, the trial court is well within its discretion in denying the continuance. Collins v. State, 369 So.2d 500, 501 (Miss. 1979). But the court has no authority to deny the substitution of counsel, nor to condition substitution of counsel upon the defendant's prior repayment to the county of sums expended upon or obligated to court-appointed counsel. Whatever rights the state and county may have to recoup such sums, those rights must be enforced wholly independent of the accused's absolute right to (retained) counsel of choice. Put otherwise, the accused's timely assertion of his right to counsel of choice may not be conditioned or entailed by any policy or efforts on the part of the state or county to recover sums paid court-appointed counsel.
As I perceive today's case, Defendant Harrison on the morning of trial was seeking a continuance for the purpose of enabling newly retained counsel to work up the case. The trial court had discretionary authority to deny the continuance. I do not understand that newly retained counsel was ready to proceed with trial that morning. If that had been the fact of the matter, the trial court would have had no authority to deny substitution of counsel.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., join in this opinion.