522 So.2d 756 (1988)
A.J. BYRD
v.
STATE of Mississippi.
No. 57593.
Supreme Court of Mississippi.
March 23, 1988.
*757 L. Paul Kossman, Nancy P. Kossman, Kossman & Kossman, Cleveland, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, ROBERTSON and ZUCCARO.
ROY NOBLE LEE, Chief Justice, for the court:
A.J. Byrd was indicted, tried and found guilty in the Circuit Court, Second Judicial District of Bolivar County, Mississippi, for aggravated assault. He was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections, ten (10) years of which were suspended, and he appeals to this Court assigning five (5) errors in the trial below.
After living together for five (5) years, appellant and Joyce Tubbs terminated their relationship. Thereupon, Tubbs became similarly involved with one Robert Johnson, although she did not live with him. Appellant repeatedly attempted to contact Tubbs after their relationship ended.
On the night of January 23, 1986, around 9:30 p.m., appellant telephoned the apartment of Robert Johnson and asked to speak with Tubbs. She declined to talk with appellant, and he talked with Johnson at length and finally told him he was through with Tubbs and, if Tubbs didn't want him, that was the end of the matter.
Later in the evening, Johnson saw appellant's car parked across the street from his apartment. Being concerned that appellant may have broken into her apartment, Tubbs and Johnson went there to investigate. When they arrived at the apartment, the kitchen light turned out, and they returned to Johnson's apartment. Johnson went to the Cleveland Police Department and reported someone was in Tubbs' apartment, but the police required a personal complaint by Tubbs, who declined to involve the police. Johnson then went to the Tubbs apartment for the purpose of checking it out.
According to Johnson, he entered the Tubbs apartment with a key she had given him, and he found appellant lying on the floor with a pistol pointed at Johnson. *758 Johnson suggested that they telephone Tubbs from a pay station phone at a nearby convenience store, and Byrd agreed, stating, "If Joyce [Tubbs] wants me out of her apartment, I would like to hear it from her." At the store, Johnson called Tubbs, explained the situation, and handed the receiver to appellant Byrd. Appellant, speaking to Tubbs over the phone, made remarks of a sexual nature, and Johnson said, "Hey, man, don't talk to my woman like that on the phone." Appellant pulled a pistol from his pocket and struck Johnson in the face. Appellant dropped the telephone, and the two men began wrestling over the gun. The gun fired, and Johnson was shot in the abdomen. Appellant backed away, Johnson grabbed the gun, and began hitting Byrd on the head with it rendering him semi-conscious. Tubbs was still holding the other end of the line. Johnson picked up the receiver and told Tubbs to call the police.
When the police arrived, they found both men lying outside the phone booth. They were taken to the Bolivar County Hospital, where appellant was treated for cuts to the face and scalp and was admitted for observation, while Johnson was rushed to emergency surgery, and a .38-caliber bullet was removed from his body. The emergency room physician testified that if Johnson's wound had not received immediate attention and immediate surgery, it would have been fatal.

I.

THE LOWER COURT'S DENIAL OF APPELLANT'S MOTION FOR A CONTINUANCE SO THAT HE COULD BE REPRESENTED BY COUNSEL OF HIS OWN CHOICE DENIED HIS RIGHT TO SUCH COUNSEL UNDER THE SIXTH AMENDMENT AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND HIS RIGHT TO COUNSEL AND A FAIR AND IMPARTIAL TRIAL UNDER ARTICLE III, § 26, AND DUE PROCESS OF LAW UNDER ARTICLE III, § 14 OF THE MISS. CONSTITUTION.
Appellant was indicted for aggravated assault on April 24, 1986. He was arraigned on the charge May 19, 1986, and, at that time, appellant requested the lower court to appoint counsel for him. Attorney Raymond Wong was appointed to represent appellant and the case was set for trial on May 29, 1986. Appellant did not inform the trial judge that he wished to obtain private counsel. Subsequent to his arrest, appellant was released upon a recognizance bond.
On the day before trial, May 28, 1986, appellant informed the court that he wished to substitute retained counsel Paul Kossman for his court-appointed attorney, Raymond Wong. Attorney Kossman expressed willingness to accept the case, but appellant had not formally retained his services. Further, Attorney Kossman informed the court that he would not accept employment unless the case was continued. The lower court held an evidentiary hearing on the motion for continuance, and appellant testified that at the time of his arraignment he was unable to hire an attorney, even though he had recently found employment. He further testified that at such time, i.e., the day before the trial, he had sufficient funds to employ Kossman. The court-appointed attorney Wong stated that he was prepared and ready for trial of the case. The court denied the motion for continuance and stated the following:
I know this case was set for trial approximately four weeks ago. The defense attorney was appointed by the Court, at the Defendant's request, approximately a week and a half ago or two weeks ago, and Mr. Wong has prepared the case. He is ready for trial. The case is ready to go to trial tomorrow. The notice to the Court is just as short as the notice to Mr. Kossman as to whether he should be allowed to take Mr. Wong's place and the continuance should be authorized. The Court does have a schedule that it has to meet. I don't think the Defendant has been diligent at all in seeing that he got counsel or in informing the Court about his desire for different counsel, and the Court is going to deny a motion for continuance, *759 based on the grounds that have been promulgated here in the court. The Court is not denying Mr. Kossman the opportunity to represent the defendant. He may participate in the case and under any circumstances he may work with Mr. Wong. Mr. Wong is thoroughly familiar with the case and all of the witnesses in the case. All of the witnesses have been subpoenaed and it is just too late to stop and back up with no more basis for it than we have at this time. So the continuance will not be granted and Mr. Kossman may, if he sees fit to, appear in the case and represent the Defendant and may take the lead in the case. But whatever happens Mr. Wong will be required to be present and either defend the case totally on behalf of the Defendant or work with Mr. Kossman in doing so. So that is the decision of the Court on the matter.
Following the denial of the continuance by the court, Attorney Kossman declined to appear or participate in the trial. He represents the appellant on this appeal.
This Court has held that when an accused appears on the morning of trial with a new lawyer and asks a continuance, the trial court does not abuse its discretion in denying the continuance. Harrison v. State, 520 So.2d 1352 (Miss. 1987); Gates v. State, 484 So.2d 1002 (Miss. 1986); Collins v. State, 369 So.2d 500 (Miss. 1979); Burnett v. State, 285 So.2d 783 (Miss. 1973).
In Harrison, supra, new counsel was not allowed to appear in that trial. In the case sub judice, the trial judge specifically authorized Attorney Kossman to participate in appellant's defense and even to "take the lead in the case." This Court further held in Harrison that where a defendant retains new counsel at the eleventh hour, he is not entitled to a continuance merely because new counsel was unprepared.
We are of the opinion that there was no abuse of sound discretion by the lower court. See Gates v. State, 484 So.2d 1002 (Miss. 1986). Further, we are of the opinion that no injustice resulted from a denial of the continuance, and the assigned error should be rejected.

II.

APPELLANT'S COURT-APPOINTED COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL PRIMARILY BY HIS FAILURE TO MAKE A CRUCIAL OBJECTION WHICH PREJUDICED APPELLANT'S DEFENSE.
Appellant testified that the gun involved in the shooting belonged to Johnson. That testimony is contrary to a prior statement made by appellant to Officer White. The officer was offered by the prosecution in rebuttal of appellant's claim that the gun was Johnson's. Appellant contends that trial counsel should have objected to the following testimony of Officer White:
Q. And what did Mr. Byrd tell you about the handgun?
A. He advised me that he had gotten the gun from Mr. Artis Wren earlier, two or three weeks prior to the time that I got the gun.
This testimony was proper rebuttal and not objectionable.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the standards required to be shown for ineffective assistance of counsel. The Court said:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death *760 sentence resulted from a breakdown in the adversary process that renders the result unreliable.
466 U.S. at 487, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. For Mississippi decisions following Strickland, see Wiley v. State, 517 So.2d 1373 (Miss. 1987); Faraga v. State, 514 So.2d 295 (Miss. 1987); Johnson v. State, 511 So.2d 1333 (Miss. 1987).
We have carefully considered the record and briefs relating to other arguments of appellant under this assigned error, and are of the opinion that there is no merit in the points argued.
The assigned Error II is rejected.

III.

APPELLANT'S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER SECTION 28 OF THE MISSISSIPPI CONSTITUTION.
The maximum penalty for aggravated assault is twenty (20) years imprisonment. Miss. Code Ann. § 97-3-7 (Supp. 1987). Appellant was sentenced to twenty (20) years imprisonment, ten (10) of which were suspended. This Court has held in numerous decisions that the imposition of a sentence by the trial judge does not constitute cruel and inhuman punishment and is not an abuse of discretion if within the statutory limits. Presley v. State, 474 So.2d 612 (Miss. 1985); Johnson v. State, 461 So.2d 1288 (Miss. 1984); Contreras v. State, 445 So.2d 543 (Miss. 1984); Allen v. State, 440 So.2d 544 (Miss. 1983); Adams v. State, 410 So.2d 1332 (Miss. 1982); Baker v. State, 394 So.2d 1376 (Miss. 1981); Boyington v. State, 389 So.2d 485 (Miss. 1980); Anderson v. State, 381 So.2d 1019 (Miss. 1980); Horton v. State, 374 So.2d 764 (Miss. 1979); Boone v. State, 291 So.2d 182 (Miss. 1974); Clanton v. State, 279 So.2d 599 (Miss. 1973); McCormick v. State, 279 So.2d 596 (Miss. 1973); Green v. State, 270 So.2d 695 (Miss. 1972); Capler v. State, 237 So.2d 445 (Miss. 1970).
The assigned Error III is rejected.

IV.

THE LOWER COURT ERRED IN REFUSING TO GRANT A NEW TRIAL BECAUSE THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

V.

THE STATE FAILED TO PROVE A PRIMA FACIE CASE AS CHARGED IN THE INDICTMENT.
The jury is the sole judge of the weight and credibility of the evidence. We are of the opinion that the facts of the case constitute an issue for the jury to determine as to the guilt or innocence of the appellant. In our opinion, the evidence supports the finding of guilty. Fairley v. State, 467 So.2d 894 (Miss. 1984).
In Nelson v. State, 361 So.2d 343 (Miss. 1978), which is similar factually to the case at bar, the Court held that the State made out a prima facie case. Likewise, we are of the opinion that the facts constituted a question for the jury here.
The assigned Errors IV and V are rejected.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.