The majority faults the trial judge's reasoning in his denial of Lamberts's "last minute" requested continuances, writing that such conduct by the trial court amounts to a clear abuse of discretion. I disagree with the majority.
Attorney Cosnahan, by court appointment, had been representing Lambert on a charge of sexual battery and five counts of touching or handling a child for lustful purposes for over four months prior to the actual trials of these two cases. Lambert had been afforded at preliminary hearing on the charges on April 11, 1991 wherein he was represented by Cosnahan. The majority writes that in August 1991 Lambert didn't understand the nature of the charges against him. The majority pronouncement notwithstanding, Lambert had known since the preliminary hearing that he was charged with molesting young female children who were friends of his two minor daughters.
Lambert failed to cooperate with Cosnahan from the very beginning, insisting that he was going to hire his own counsel rather than continue to allow Cosnahan, court appointed counsel, to represent him at trial. However, Lambert never got around to even attempting to hire substitute counsel until a couple of days prior to trial. Cosnahan was compelled to file a motion to withdraw as counsel. I would not fault this public defender because of the conduct of his client, Lambert.
The majority opinion totally ignores precedent caselaw and the requirements of Miss. Code Ann. § 99-15-29. Lambert failed to comply with the caselaw or the statute. The facts of this case are certainly illustrative of the "catch-22" situation the trial courts all too often find themselves in. On the one hand courts are trying to give speedy trials to defendants, yet find that they are overwhelmed with crowded trial dockets, too few prosecutors, public defenders, and trial judges. All the while these same courts are subjected by defendants to continuous 270 day and constitutional claims of violations of speedy trial rights. Then, on the other hand, courts are the recipients of complaints such as Lambert's of "a little too speedier trial" than desired. It's a no win situation for the district attorneys and trial judges.
Close scrutiny of Lambert's claims reveals the obvious fact that it was Lambert's actions which caused Cosnahan to attempt to withdraw as attorney for Lambert as well as ask for a continuance. At the time of the arraignment, Lambert informed Cosnahan "that he would see what he could do about his own attorney." Yet, Lambert did nothing until the "last minute." Lambert finally contacted Kim T. Chaze about representing Lambert. The indictment was handed down on a Thursday. Chaze was not in his office on Friday. Lambert talked to Chaze on Monday. Cosnahan was able to talk to Chaze on Tuesday and Chaze agreed to accept Lambert's case if the case could be continued to allow him an opportunity to investigate the case. Chaze contacted the court and district attorney about the case, *Page 24 
and indicated that he wanted to represent Lambert but could not do so with only 48 hours in which to prepare. Lambert never hired Chaze as his attorney. Chaze, although clearly made aware of the trial setting by the circuit judge, did not show up for the trial. Cosnahan did show up and made a good showing in defending Lambert.
Lambert raises the failure of the State to provide him with copies of statements made by witnesses and notes taken in preparing for their testimony. The trial court allowed a recess, applied the Box v. State, 437 So.2d 19 (Miss. 1983) guidelines, enabling the defense to review the statements relating to the witnesses. The court then inquired if the defense had "had ample opportunity and time to study." Cosnahan responded: "Yes, sir. We've found out what the statements did provide, Your Honor." Cosnahan requested no further relief from the court.
Because counsel accepted the court's offer of a recess and did not request any additional relief from the court, this breach of the rules standing alone cannot be the basis for reversal.
This Court in Harrison v. State, 635 So.2d 894 (Miss. 1994), stated:
 Failure to strictly comply with Rule 4.06 is not necessarily fatal:
 When confronted with an alleged Rule 4.06 violation, this Court must review the record to determine whether the judge followed the guidelines[s] enunciated in Box v. State, 437 So.2d 19, 22-26 (Miss. 1983).
Id. at 898.
Also in Harrison, this Court, citing Holland v. State,587 So.2d 848 (Miss. 1991), reminded the Bar that when the trial court complies with the Box procedures some discovery violations by the State can be cured. Harrison at 900.
In Robinson v. State, 508 So.2d 1067 (Miss. 1987), this Court stated:
 Our holding here should not be misinterpreted as indicating that failure to make pretrial disclosure requires per se reversal. We have recognized that non-discovered evidence may be admitted at trial if the party against whom that evidence is offered is given a reasonable opportunity to make adequate accommodation. See, Foster v. State, 484 So.2d 1009
(Miss. 1986); Jones v. State, 481 So.2d 798 (Miss. 1985); Davis v. State, 472 So.2d 428 (Miss. 1985); Cabello v. State, 471 So.2d 332 (Miss. 1985); See also, Box v. State, 437 So.2d 19, 23-24 (Miss. 1983) (Robertson, J., specially concurring).
Robinson at 1071. (emphasis in original.)
In Byrd v. State, 522 So.2d 756, 759 (Miss. 1988), this Court held that the defendant was not entitled to a continuance in order to hire a private attorney instead of being represented by his court-appointed attorney. This Court stated the following:
 This Court has held that when an accused appears on the morning of trial with a new lawyer and asks for a continuance, the trial court does not abuse its discretion in denying the continuance. Harrison v. State, 520 So.2d 1352 (Miss. 1987); Gates v. State, 484 So.2d 1002 (Miss. 1986); Collins v. State, 369 So.2d 500 (Miss. 1979); Burnett v. State, 285 So.2d 783 (Miss. 1973).
The major difference in the cases is that Lambert's counsel, unlike Byrd's, did not announce that he was prepared for trial. Cosnahan told the court of prior trial commitments in other courts which hampered his ability to prepare Lambert's.
Lambert, represented by Cosnahan by court appointment, at his preliminary hearing on April 11, 1991, had over four months within which to consult with his attorney and prepare for trial. Lambert did nothing in preparation for trial. In striking similarity to Byrd, Lambert attempted two days before trial to substitute attorney Chaze for Cosnahan. The attempted substitution of attorneys was conditioned, however, upon Lambert's new attorney being allowed a continuance. It is noteworthy that Lambert first stated his intentions to hire private counsel after the preliminary hearing in April, 1991. Cosnahan was left to believe that Lambert would hire another attorney. Cosnahan apparently realized shortly before trial that Lambert had not hired other counsel and that he (Cosnahan) was going to have to represent Lambert at trial after all. While *Page 25 
Cosnahan was trying as best he could to prepare for trial, Lambert on the other hand, was still busy trying to secure another attorney. Lambert should have been spending this valuable time with Cosnahan in preparation for trial. It is little wonder that Cosnahan felt compelled to file a motion to withdraw as Lambert's attorney. The court obviously viewed Lambert's last minute maneuvering as being similar to Byrd and would not allow Lambert to substitute attorneys only two days before trial, nor would the court allow Lambert a continuance.
Lambert did not sufficiently support his request for more time with specific information as to what would have been accomplished by the requested additional time. This Court has stated in Shawv. State, 378 So.2d 631 (Miss. 1979):
 In summary, our decisional law construing the statute is that in considering whether a continuance should have been granted, each case must be decided solely on its own merits and no rigid rule can be laid down.
 It is noteworthy that the record is devoid of any evidence or proof as to precisely how additional time by way of continuance might have been used to his advantage. There was merely the naked statement of counsel that he had other cases set for the term . . . We find no merit to this argument on this record where defendant's privately employed attorney had eight days to prepare for trial.
Id. at 634.
As in Shaw, Lambert's counsel, although having additional trials during a portion of the time prior to trial, had a week after Lambert's arraignment to prepare for trial and another week prior to the second trial.
The record indicates that the trial court had contact with attorney Kim Chaze prior to the first trial. Chaze apparently did not attempt to talk with the trial court however, until two days prior to the actual first trial. Chaze telephoned the trial judge at 10:00 p.m. at the judge's home. The judge advised Chaze of the trial setting. The record also reveals that Cosnahan, Chaze, and the district attorney had several conversations during this same time frame about Chaze's conditional willingness to represent Lambert. The record indicated Chaze was only willing to represent Lambert, not that he had been hired by Lambert. Lambert never hired Chaze as his new attorney.
The willingness by Chaze to take the case was conditioned upon a continuance, to which the district attorney would not consent. Subsequently, the trial judge would not agree to allow a continuance under such substitution of attorneys at the "last minute." More importantly, according to Cosnahan, Lambert did not even attempt to contact Chaze about representation until Monday by telephone, followed by a personal visit to Chaze's office on Tuesday, only two days prior to the trial setting. Although told of the setting by the trial judge, Chaze did not appear and the court required appointed counsel Cosnahan to proceed with trial.
Additionally, Lambert has not demonstrated how he was prejudiced. Lambert testified, denying the allegations made against him by the young female children, and his counsel cross-examined each of the witnesses who testified against him in the State's case in chief.
Neither has Lambert filed any affidavits within the record concerning any absent witnesses and facts to be proven by their testimony or documentation not presented, but essential or crucial to his defense as clearly required by Miss. Code Ann. §99-15-29 (Supp. 1972). The record is totally devoid of such required proof. This Court has stated in Pool v. State,483 So.2d 331 (Miss. 1986) that:
 Pool's motion failed to meet the procedural requirements enunciated in § 99-15-29. Pool did not set forth the facts to be proved by his absent witness, nor did he offer any proof as to his attorney workload. Even if Pool could get over this procedural hurdle, the long standing rule is that trial judges have great discretion in granting or denying continuances.
Id. at 336.
Lambert failed to follow the statutory requirements for offering proof to support his allegations that more time was required for trial preparation. The trial judge was obviously *Page 26 
and correctly concerned that Lambert was represented by counsel Cosnahan at a preliminary hearing four months previous to the trial date, was out on bond during this time and waited until two days prior to trial to attempt to hire a different lawyer. This entire scenario borders closely on an attempt at "sandbagging" the court by the defendant Lambert. Harrison, Johnson, Byrd,Shaw and Pool clearly apply to the case sub judice. Lambert has not shown that the trial judge abused his discretion in denying his continuance. Cosnahan was apparently an experienced trial attorney who we conclude from this record zealously defended Lambert's interest.
Cosnahan did the best that he could with a client who had not cooperated very well since his preliminary hearing. Lambert should not succeed at securing another trial when his own actions or inaction created the problem he complained of on appeal to this Court.
I respectfully dissent.
HAWKINS, C.J., PRATHER, P.J., and JAMES L. ROBERTS, Jr., J., join this opinion.