952 So.2d 305 (2007)
Antonio Maurice Price McCOLLINS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KP-01236-COA.
Court of Appeals of Mississippi.
March 20, 2007.
*306 Antonio Maurice Price McCollins, appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On April 20, 2005, Antonio Maurice Price McCollins was found guilty in the Circuit Court of Tallahatchie of conspiracy, burglary of a dwelling, grand larceny, and first degree arson. On May 27, 2005, McCollins was sentenced to serve five years for conspiracy, twenty-five years for burglary of a dwelling, five years for grand larceny, and twenty years for first degree arson all in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment, McCollins appeals, pro se. Finding no error, we affirm.

FACTS
¶ 2. On July 3, 2000, Ronnie Davis and his wife left their home in Tallahatchie County to go camping at Lake Enid. While they were gone, their house was burglarized and set on fire. Guns and jewelry were among the items stolen from *307 the house. Sheriff William Brewer received a phone call that provided information about the burglary and arson of the Davises' home. After receiving the phone call, he went to L.J. Bolton's house and Bolton called McCollins. Bolton made arrangements to purchase some of the stolen merchandise from McCollins and this conversation was recorded. A copy of the transcript along with the audiotape were admitted into evidence.
¶ 3. McCollins was charged and convicted of the aforementioned offenses. Aggrieved by the judgment, McCollins appeals. He presents the following issues for this Court's review:
I. Whether McCollins was denied effective assistance of counsel.
II. Whether or not McCollins's right to not be subjected to double jeopardy was violated.
III. Whether or not McCollins's sentence was excessive.
IV. Whether or not the court erred when it imposed different sentences on the parties.
V. Whether or not the court erred when it failed to grant a continuance and whether it erred by failing to advise appellant of his right to represent himself.
VI. Whether the trial court erred when it admitted the transcript along with the audiotape.
VII. Whether or not McCollins's rights were violated when the court granted a motion allowing him to be restrained during the trial.
VIII. Whether or not McCollins is entitled to reversal due to cumulative error.

STANDARD OF REVIEW
¶ 4. The standard of review for a claim of ineffective assistance of counsel is a two-prong test: the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient, and (2) the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

ISSUES AND ANALYSIS
I. Whether McCollins was denied effective assistance of counsel.
¶ 5. McCollins argues that he received ineffective assistance of counsel. McCollins has the burden of proving that his counsel's assistance was deficient and that the deficiency resulted in prejudice. Campbell v. State, 878 So.2d 227, 231 (¶ 20) (Miss.Ct.App.2004). The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Appellant has failed to meet this burden. Thus, this issue is without merit.
¶ 6. McCollins further argues that a juror who was a distant relative of the Davises should not have sat on the jury. Nonetheless, McCollins has in no way demonstrated that counsel had any duty whatsoever to strike this particular juror. He did not present any evidence that would suggest any bias. This issue is without merit.
II. Whether or not McCollins's right to not be subjected to double jeopardy was violated.
¶ 7. McCollins next argues that his right to not be subjected to double jeopardy was violated. He asserts this claim on the basis that some of the elements of the crimes overlap.
¶ 8. In Hughes v. State, 401 So.2d 1100, 1103 (Miss.1981), the court stated *308 that "a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." This is what happened in the case at bar. This issue is without merit.
III. Whether or not McCollins's sentence was excessive.
¶ 9. McCollins argues that his sentence was excessive. However, he cites no authority. It is the duty of the appellant to provide authority in support of an assignment of error. Puckett v. State, 879 So.2d 920, 932 (¶ 26) (Miss.2004). Failure to provide authority for an assignment of error operates as a procedural bar, and this Court will consider those unsupported issues to be abandoned. Id. This issue is procedurally barred.
IV. Whether or not the court erred when it imposed different sentences on the parties.
¶ 10. McCollins argues that the court erred by giving him a longer sentence than his co-defendants who pled guilty. However, his co-defendants were not convicted of all four counts as he was. In addition to testifying against McCollins, they each pled guilty only to the counts of conspiracy and grand larceny. McCollins was the only party who was convicted of, not only conspiracy and grand larceny, but also the additional charges of burglary and arson, which carry longer sentences.
¶ 11. Furthermore, McCollins's sentence on each crime was within the statutory requirements. For conspiracy he received the maximum five years. Miss.Code Ann § 97-1-1(a) (2006). For burglary he received the maximum twenty-five years. Miss.Code Ann. § 97-17-23 (2006). For grand larceny he received the maximum five years.[1] Miss.Code Ann. § 97-17-41(1)(a) (2000) (amended 2004). Lastly, for arson he received the maximum twenty years. Miss.Code Ann. § 97-17-1 (2006). It is within the trial court's absolute discretion to impose any sentence within the bounds allowed by statute. Johnson v. State, 904 So.2d 162, 170(¶ 25) (Miss.2005). While he received the maximum sentences for each of these crimes, those sentences were permitted by statute. This issue is without merit.
V. Whether or not the court erred when it failed to grant a continuance and whether it erred by failing to advise McCollins of his right to represent himself.
¶ 12. McCollins argues that the trial court erred by failing to grant a continuance the morning of trial and by failing to advise him of his right to represent himself. McCollins attempted to fire counsel the morning of trial. This trial had been set on the docket for quite sometime and McCollins had notice of the trial date. This Court has held that when an accused appears on the morning of trial with a new lawyer and asks for a continuance, the trial court does not abuse its discretion by denying the continuance. See Harrison v. State, 520 So.2d 1352, 1353-54 (Miss.1987); Gates v. State, 484 So.2d 1002, 1006 (Miss. 1986); Collins v. State, 369 So.2d 500, 501 (Miss.1979); Burnett v. State, 285 So.2d 783, 783-84 (Miss.1973). Thus, the trial court was not in error when it failed to grant McCollins's request for more time. With regard to the court failing to advise McCollins of his right to represent himself, the record does not reflect this request nor does McCollins cite any authority on this issue. Thus, this issue is without merit.
*309 VI. Whether the trial court erred when it admitted the transcript along with the audiotape.
¶ 13. McCollins argues that the trial court erred by admitting both the transcript and audiotape into evidence. He argues that the transcript is the State's version of what the tape said.
¶ 14. This Court has held that audiotapes and corresponding transcripts are admissible as long as a substantial predicate is laid and the recording is relevant. Ragin v. State, 724 So.2d 901(¶ 4) (Miss. 1998). In the case at bar, a substantial predicate was laid and the recording was relevant. Thus, this issue is without merit.
VII. Whether or not McCollins's rights were violated when the court granted a motion allowing him to be restrained during the trial.
¶ 15. McCollins argues that his rights were violated when the court allowed him to be restrained during trial. The assistant district attorney voiced concerns over the security of the courtroom. Evidence was presented that suggested that McCollins had an angry demeanor. If a proper showing is made that the defendant may pose a threat to the occupants of the courtroom, then a judge may allow the defendant to be shackled. Deck v. Missouri, 544 U.S. 622, 633, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). The judge's ruling was supported by substantial evidence and there is no evidence that suggests that he abused his discretion. This issue is without merit.
VIII. Whether or not McCollins is entitled to reversal due to cumulative error.
¶ 16. Because we determine that McCollins has failed to demonstrate any error whatsoever, we find that this issue is without merit.
¶ 17. THE JUDGMENT OF THE TALLAHATCHIE COUNTY CIRCUIT COURT OF CONVICTION OF CONSPIRACY, BURGLARY OF A DWELLING, GRAND LARCENY, FIRST DEGREE ARSON AND SENTENCE OF FIVE YEARS AS TO COUNT I, CONSPIRACY; TWENTY-FIVE YEARS AS TO COUNT II, BURGLARY OF A DWELLING; FIVE YEARS AS TO COUNT III, GRAND LARCENY; AND TWENTY YEARS AS TO COUNT IV, FIRST DEGREE ARSON, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO BE SERVED CONSECUTIVELY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The current grand larceny statute carries a maximum sentence of ten years for property valued at $500 or more. Miss.Code Ann. § 97-17-41 (2006).