# IN THE COURT OF APPEALS 06/04/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 93-KA-00997 COA

SANDRA WALKER

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MARCUS D. GORDON

COURT FROM WHICH APPEALED: NEWTON COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DANNY CLEARMAN

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: KEN TURNER

NATURE OF THE CASE: CRIMINAL-SALE OF COCAINE

TRIAL COURT DISPOSITION: CONVICTED OF THE SALE OF COCAINE AND SENTENCED TO SERVE A TERM OF 25 YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDERED TO PAY A FINE OF 10,000.

BEFORE BRIDGES, P.J., DIAZ, AND SOUTHWICK, JJ.

PER CURIAM:

The Defendant, Sandra Walker, was tried and convicted of the crime of selling cocaine and sentenced to serve a term of twenty-five (25) years in the Mississippi Department of Corrections. Walker appeals to this Court claiming that the lower court's verdict was against the weight and sufficiency of the evidence. Specifically, Walker contends that she met the burden of proving an entrapment defense.

The supreme court has ruled that the defendant must show a prima facie case of entrapment before the State has the burden of showing a predisposition for committing the crime. *Bush v. State,* 585 So. 2d 1262, 1264 (Miss. 1991). In *Pulliam v. State,* the Mississippi Supreme Court set out the standard to be applied when the issue of entrapment is presented on appeal. The court stated:

> Here, of course, we speak in the setting of familiar rules regarding our scope of review, that on appeal, we must view the evidence in the light most consistent with the verdict, giving the prosecution the benefit of all reasonable favorable inferences consistent with the verdict. When we say that a defendant has been entrapped as a matter of law, what we mean is that the evidence, so viewed, is so clear that no fair-minded juror could consistent with his oath, reject the entrapment defense.

*Pulliam v. State*, 592 So. 2d 24, 26 (Miss. 1991).

Here, the defense presented a prima facie case for entrapment. The prosecution rebutted the defense with evidence of Walker's prior drug activity and knowledge of the drug culture. Viewing the evidence in the light most favorable to the verdict, we believe that the jury had sufficient evidence to find that Walker was not entrapped. Furthermore, a defendant is generally left to no avail on appeal where a jury is instructed on entrapment, and it resolves the issue against the defendant. *Bush,* 585 So. 2d at 1264.

In addition, Walker argues that the jury verdict was against the overwhelming weight of the evidence, and is therefore entitled to a new trial. The Mississippi Supreme Court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993) (citations omitted); *see also Burrell v. State*, 613 So. 2d 1186, 1192 (Miss. 1993) (witness credibility and weight of conflicting testimony are left to the jury); *Kelly v. State*, 553 So. 2d 517, 522 (Miss. 1989) (witness credibility issues are to be left solely to the province of the jury). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." *McClain*, 625 So. 2d at 781 (citing *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987)). The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." *Id*. This Court will reverse only for abuse of

discretion, and on review will accept as true all evidence favorable to the State. *Id.*

Here, the jury heard the witnesses and the evidence presented by both the State and the defense. The jury was within its power to weigh the evidence and the credibility of the witnesses' testimony and to convict Walker. The trial court did not abuse its discretion by refusing to grant Walker a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that, to allow it to stand, would have been to promote an unconscionable injustice.

**THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF TEN THOUSAND DOLLARS ($10,000.00) IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO NEWTON COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**