# IN THE COURT OF APPEALS 04/23/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 95-KA-00173 COA

**DAVID ANTHONY ROBINSON**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ROBERT H. WALKER

COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT

SECOND JUDICIAL DISTRICT

ATTORNEY(S) FOR APPELLANT:

H. E. ELLIS, SR.

ATTORNEY(S) FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: SCOTT STUART

DISTRICT ATTORNEY(S): BEAU STEWART

NATURE OF THE CASE: FELONY BURGLARY OF A DWELLING

TRIAL COURT DISPOSITION: CONVICTION AND SENTENCE AS AN HABITUAL OFFENDER TO SERVE TEN (10) YEARS, AND TO SERVE THE ENTIRE 10-YEAR SENTENCE DAY FOR DAY, IN THE CUSTODY OF THE MDOC

BEFORE FRAISER, P.J., MCMILLIN, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

David Anthony Robinson was indicted and convicted of burglary of a dwelling. The court sentenced him as an habitual offender to serve ten years in the custody of the Mississippi Department of Corrections, so that he is to serve the entire ten-year sentence day for day. The court denied Robinson's motion for JNOV or, in the alternative, a new trial. We find that both the weight and sufficiency of the evidence against Robinson justified his conviction and sentence and therefore affirm.

FACTS

Thomas Walker was working on the Church of the Redeemer playground in Biloxi on the morning of July 30, 1993. He observed three men in a red Mustang stop and back into the driveway of the house next door. The men jumped out of the car and walked to the rear of the house. One of the men kicked in the door, and all three went inside. Minutes later they came out of the house--two each carrying one air conditioner and the third carrying a television. The men loaded the items into the car and got inside. He yelled to someone in the church social hall to call the police. Theresa Carter, a Biloxi police officer, was on routine patrol and saw Walker waving his arms apparently trying to get her attention. Walker began chasing the driver of the car, Al Jay Hilton, caught him, and subsequently took him to the patrol car. He turned Hilton over to other officers after they arrived. While Walker chased Hilton, Carter stopped and saw one of the three men leaning into the Mustang. When the man leaning into the car saw Carter, he began to run, and she followed. Carter flagged down other officers who had responded for assistance. The officers subsequently found that man, Robinson, hiding under a house. The third man was never found. The resident of the house identified the stolen items as her property.

At trial Robinson moved for a directed verdict at the end of the State's case, but the trial court overruled the motion. Robinson testified that he had asked Hilton and his friend for a ride to work that morning because he was running late. He stated that Hilton said he would give him a ride, that he had somewhere to go first, and that it would only take a few minutes. Robinson said that they drove to a house, where Hilton and his friend got out of the car. Robinson said that he asked them if they needed any help, not knowing that they were going to commit any crime. He testified that he waited at the car while Hilton and his friend went around to the rear of the house. The two men returned shortly thereafter and put some items in the trunk. A police car pulled up and the other two men ran. Robinson testified that he did not know what to do, so he ran because he was scared. He said that he had previously been in trouble with the law and had spent time in the state penitentiary. He stated that he never went to the rear of the house, kicked in the door, or entered the house. Robinson again moved for a directed verdict at the end of his testimony, but the court denied that motion as well.

ANALYSIS

> I. DID THE TRIAL COURT ERR BY FAILING TO GRANT ROBINSON'S MOTIONS FOR DIRECTED VERDICT OR HIS MOTION FOR JNOV OR, IN THE ALTERNATIVE, A NEW TRIAL?

Robinson argues that he should have been granted a directed verdict and that the evidence against him was insufficient to support his burglary conviction. He also contends that the jury verdict was against the overwhelming weight of the evidence.

Robinson's argument regarding the denial of his motions for directed verdict and the denial of the JNOV both challenge the legal sufficiency of the evidence against him. These challenges require consideration of the evidence before the court when made, so that this Court must review the ruling on the last occasion the challenge was made at the trial level. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). This occurred when the trial court overruled Robinson's motion for JNOV. The Mississippi Supreme Court has stated, in reviewing an overruled motion for JNOV, that the standard of review shall be:

> [T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [Robinson's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*Id.* (citations omitted).

Here, the evidence was legally sufficient to find that Robinson committed burglary. Walker testified for the State that he saw three men break into the house next to the church playground, all three enter the house, and each man take one item to a red Mustang. Carter testified that she chased Robinson and apprehended him underneath a nearby house. The resident of the burglarized house identified her recovered property and the damage to her door as a result of being forced open. The evidence consistent with the guilty verdict must be accepted as true. *Id.* Considering the elements of the crime along with all the evidence in the light most favorable to the verdict, the evidence is not such that reasonable jurors could only find Robinson not guilty. Here, the evidence was legally sufficient to support the jury verdict that Robinson committed burglary. Moreover, it was sufficient to support the trial court's denial of Robinson's motion for JNOV.

Robinson also argues that the jury verdict was against the overwhelming weight of the evidence and requests a new trial. The Mississippi Supreme Court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." *McClain*, 625 So. 2d at 781 (citations omitted); *see also Burrell v. State*, 613 So. 2d 1186, 1192 (Miss. 1993) (witness credibility and weight of conflicting testimony is left to the jury); *Kelly v. State*, 553 So. 2d 517, 522 (Miss. 1989) (witness credibility issues are to be left solely to the province of the jury). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." *McClain*, 625 So. 2d at 781 (citing *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987)).

The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." *Id.* This Court will reverse only for abuse of discretion, and on review will accept as true all evidence favorable to the state. *Id.*

In the present case, the jury heard the witnesses for and the evidence presented by both the State and the defense. Walker testified that he saw three men enter the house and take items from the house to a red Mustang. Carter testified that she saw a man leaning into that same car and that he ran when she approached him. She stated that Robinson was the man subsequently apprehended. Robinson testified in his own defense that he was present but was unaware that any crime was being committed. He stated that he stayed at the car, never entered the house, and only ran because he was scared. His testimony was clearly for the jury to evaluate. The jury's decision to believe the State's evidence and witnesses was well within its discretion. Moreover, the jury was well within its power to weigh the evidence and the credibility of the witnesses' testimony and to convict Robinson. The trial court did not abuse its discretion by refusing to grant Robinson a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that, to allow it to stand, would have been to promote an unconscionable injustice. The trial court properly denied Robinson's motion for a new trial.

## CONCLUSION

Finding no error in the trial below, we affirm the jury's verdict and the trial court's sentence.

**THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, SECOND JUDICIAL DISTRICT, OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE AS AN HABITUAL OFFENDER TO SERVE TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.**

**FRAISER, C.J., BRIDGES, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., NOT PARTICIPATING.**