**6/3/97**

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-01168 COA

WALTER SKINNER APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JOSEPH H. LOPER, JR.

COURT FROM WHICH APPEALED: MONTGOMERY COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: H. LEE BAILEY, JR.

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: W. GLENN WATTS

DISTRICT ATTORNEY: CLYDE HILL

NATURE OF THE CASE: CRIMINAL: ESCAPE

TRIAL COURT DISPOSITION: ESCAPE: SENTENCED TO SERVE A TERM OF 5 YRS IN THE MDOC

BEFORE THOMAS, P.J., DIAZ, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

Walter Skinner was indicted and convicted for the charge of escape and sentenced to serve a term of five (5) years in the custody of the Mississippi Department of Corrections. The trial court denied Skinner's motion for JNOV or, in the alternative, a new trial. On appeal, Skinner asserts the following issues:

I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

II. NECESSITY OF ESCAPE WAS SUPPORTED BY THE EVIDENCE.

III. THE PROSECUTION VIOLATED THE *BATSON* GUIDELINES IN ITS CHALLENGES.

IV. SKINNER WAS HANDCUFFED DURING COURT BY AN OFFICER IN THE PRESENCE OF THE JURY WHICH NECESSITATES A NEW TRIAL.

## FACTS

Walter Skinner was arrested on March 27, 1995, by the City of Winona Police Department for the crime of aggravated assault. As a result of this arrest, Skinner was placed in the Montgomery County Jail to await a preliminary hearing and subsequent appearance before the grand jury. On April 8, 1995, Skinner escaped from the jail when the jailer opened the door during a disturbance with another inmate. Skinner was located that same night and returned to the jail. Skinner's sole defense to the escape charge was necessity. Skinner testified that he was afraid of certain other inmates who had threatened to harm him. Skinner stated that he had no choice but to leave the confines of the jail in order to protect himself.

Following a jury trial on October 11, 1995, Skinner was convicted for the crime of escape. Feeling aggrieved, Skinner appeals from this conviction.

## ANALYSIS

## I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

Skinner argues that he escaped from the Montgomery County Jail because he was afraid he would be killed by another inmate if he remained in the jail. Skinner contends that two other inmates, one of whom was a gang member, did not like him because of the assault on the victim for which he was imprisoned. Skinner claims that one of these inmates was a relative of the victim he had assaulted. Skinner contends that these inmates had threatened to kill him and that he was aware that they had knives with them inside the jail. Skinner argues that escape was clearly a necessity and that the jury should have found him not guilty. Skinner requests that his conviction be reversed on the ground that the jury's verdict was against the overwhelming weight of the evidence.

The standard for reviewing a jury verdict in light of the weight of the evidence is well established. The Mississippi Supreme Court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993); *see also Burrell v. State*, 613 So. 2d 1186, 1192 (Miss. 1993) (witness credibility and weight of conflicting testimony are left to the jury); *Kelly v. State*, 553 So. 2d 517, 522 (Miss. 1989) (witness credibility issues are to be left solely to the province of the jury). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." *McClain*, 625 So. 2d at 781 (citing *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987)). The decision to grant a new trial "rest[s]

in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." *Id*. This Court will reverse only for abuse of discretion, and on review will accept as true all evidence favorable to the State. *Id*.

In the present case, the jury heard the witnesses and the evidence as presented by both the State and the defense. The State presented testimony that Skinner was being legally detained in the county jail and that Skinner was not, at anytime, given permission to leave the confines of the jail. Skinner testified in his own behalf and readily admitted that he had escaped from the jail. Skinner testified that he did not tell anyone of the threats being made on his life. The evidence indicated that at the time of the escape Skinner was on the west side of the jail. Skinner stated that he had previously been on the east side with the inmates that were threatening him but that he had gone into the west side after being brought in from the yard. Skinner testified that, although he was not supposed to be on the west side, he went to the west side to avoid trouble with the inmates on the east side. The evidence indicates that the east and west sides of the jail are completely separate with no inmate on one side having access to any inmate on the other side. Thus, at the time of escape, Skinner was in no danger from the inmates located on the east side of the jail.

The testimony was clearly for the jury to evaluate. The jury's decision to believe the State's evidence and witnesses was well within its discretion. Moreover, the jury was well within its power to weigh the evidence and the credibility of the witnesses' testimony and to convict Skinner of escape. We note that the jury was instructed as to Skinner's defense of necessity and chose not to believe it. We find that the trial court did not abuse its discretion by refusing to grant Skinner a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to promote an unconscionable injustice. The trial court properly denied Skinner's motion for a new trial.

## II. NECESSITY OF ESCAPE WAS SUPPORTED BY THE EVIDENCE.

This issue is nothing more than a continuation of Skinner's weight argument. Having reviewed the record, we find no evidence to support Skinner's theory of necessity. Skinner, by his own admission, testified that he escaped from the west side of the jail where his "alleged" assailant had absolutely no access to his person. We note further that Skinner readily admitted that he did not inform anyone of the threats on his life despite numerous opportunities to do so. Skinner claims, however, that he did everything that he could to notify the persons in charge of the jail about the threat to his personal safety. Yet, the only reason Skinner gives for not telling the night jailer, Bobby Trotter, was that he assumed Trotter would not do anything about it. The Mississippi Supreme Court has held that a defendant's failure to inform the authorities of a belief that one's person is in danger constitutes a waiver of the defense of necessity. *Corley v. State*, 536 So. 2d 1314, 1318 (Miss. 1988).

Despite the apparent lack of evidence to support Skinner's theory of necessity, the trial court issued the following instruction:

Walter Skinner has been charged with the offense of escape from the Montgomery County jail. If you find from the evidence in this case that Walter Skinner, on or about April 8, 1995 in Montgomery County escaped from the Montgomery County jail because of threats to his personal safety and it became a necessity that he leave the confinement to preserve his safety after reporting to an official

his concern over his safety then you shall find the defendant not guilty.

As we stated previously, the testimony and evidence presented by both the State and the defense is strictly for the jury to evaluate. It is apparent that the jury did not believe Skinner's theory of necessity and entered a verdict accordingly. As such, we find no abuse of discretion on the part of the trial court and therefore find Skinner's argument to be without merit.

III. THE PROSECUTION VIOLATED THE *BATSON* GUIDELINES IN ITS PEREMPTORY CHALLENGES.

The jury that convicted Skinner was composed of eight white jurors and four black jurors with one white alternate juror. During the trial jury selection process, the State exercised four peremptory challenges, all of which were against black individuals. The four individuals, John W. Eskridge, Nancy Ann Anderson, Whitfield McCloude, Jr., and Lillie Bernice Elliot, were excused for the following reasons:Please note that Mr. Hill and Mr. Evans represented the State and Mr. Bailey represented the defendant.

BY MR. HILL: The State's reasons for striking Mr. John W. Eskridge is that we have consulted with Mr. Johnny Hargrove, who is the chief of police, and also is an African-American. We have relied to a great extent on his advice in our consultations with him. Mr. John Eskridge, Juror No. 2, we believe to be kin to numerous people who have been prosecuted. No. 1 is Rufus Eskridge, who has two outstanding indictments. The next person is John David Eskridge who has an outstanding indictment; James Eskridge who has an outstanding indictment; and Goldie Burt who has an outstanding indictment.

If my memory serves me correctly at least one charge on all four of those is aggravated assault, which happens to be the same crime for which this Defendant Skinner was in jail.

BY THE COURT: The Court finds that challenge to be a non-racial reason given for S-1, which was Juror No. 2, Eskridge.

BY MR. HILL: Your Honor, Ms. Anderson, Juror No. 4, was S-2. We have learned that her brother has been in trouble with the law on numerous occasions. That brother is Leonard Anderson. He was arrested for possession of a controlled substance, and the case was made on him by the Winona Police Department. That's our reason for striking her.

BY THE COURT: The Court finds that to be a race neutral reason.

BY MR. HILL: S-3 is Mr. Whitfield McCloude, Jr. Mr. McCloude has had numerous civil difficulties, has been in Court on numerous civil matters, including -- well, not including but in addition to that he's had some bad checks that have been through the D.A.'s office and through the police department matters. We just know that he's had a bunch of outstanding bad checks.

BY THE COURT: The Court finds that to be race neutral.

BY MR. HILL: S-4 was Lillie B. Elliott. One of her relatives -- we're not sure which one exactly -- committed a murder some years ago, I believe. We don't know a whole lot about her, Your Honor, just to be quite candid, but we do know that she had a relative that we feel killed somebody and we

are very unsure about her sincerity and her fairness to the State of Mississippi, and for that reason we would challenge her.

BY MR. EVANS: Also, on her we would also like to add that I don't believe this juror filled out a juror card.

BY MR. HILL: That's the one we couldn't find a card on. So, in addition to that we didn't have a card on her, Your Honor.

BY THE COURT: I find that to be race neutral, especially the fact that she didn't have a juror questionnaire card, because without that you could not adequately look at all of the information.

Skinner argues that the above jurors were improperly struck from the venire as prohibited in *Batson v. Kentucky*, 476 U.S. 79, 96-97 (1986). To establish a prima facie case under *Batson*, the defendant must show he is a member of a cognizable racial group, that the prosecutor exercised peremptory challenges to remove members of the defendant's race from the venire, and that these facts and circumstances raise an inference that the prosecutor excluded venire persons on account of their race. *Id.* The State then must provide a race-neutral explanation for challenging black jurors. *Id.* Skinner met the requirements of a prima facie case. However, the State offered race-neutral explanations which the trial judge found acceptable. The explanations do not have to rise to the level of justifying a challenge for cause, however, they may not include an assumption by the prosecutor that potential jury members would be partial to the defendant because they are of the same race. *Abram v. State*, 606 So. 2d 1015, 1036 (Miss. 1992); *Goggins v. State*, 529 So. 2d 649, 651-52 (Miss. 1988); *Lockett* v. *State*, 517 So. 2d 1346, 1352 (Miss. 1987).

The Mississippi Supreme Court has held that judges must make on the record factual determinations of the reasons offered by the State for striking members of a cognizable racial group from the jury. *Hatten v. State*, 628 So. 2d 294, 298 (Miss. 1993). The judge in the present case made such factual determinations. The findings of the trial judge on such matters will not be reversed unless they appear clearly erroneous or against the overwhelming weight of the evidence. *Id.* at 299. In the case at bar, the trial judge's ruling that the State's explanations for striking prospective black jurors were race-neutral cannot be said to have been "clearly erroneous."

Furthermore, we note that Skinner offered no rebuttal to the reasons given by the State for its peremptory challenges. The Mississippi Supreme Court has stated that "[t]he defendant is allowed to rebut the reasons which have been offered by the prosecution." *Harper v. State*, 635 So. 2d 864, 867 (Miss. 1994). "When the defendant offers no rebuttal, the court is forced to examine only the reasons given by the prosecution." *Id.*

We therefore find no violation of the *Batson* guidelines in the case before us. Skinner's argument is wholly without merit.

IV. SKINNER WAS HANDCUFFED DURING COURT BY AN OFFICER IN THE PRESENCE OF THE JURY WHICH NECESSITATES A NEW TRIAL.

At the lunch break of this trial, a police officer entered the court room and handcuffed Skinner in order to escort him to lunch. As the handcuffing took place, the jurors were exiting the court room.

Skinner immediately moved for a mistrial. Following the lunch break, the judge asked the jurors if they saw Skinner in handcuffs; if it would affect their judgment if they had noticed the event; or, if it influenced them now that they knew about the event. Two of the jurors indicated that they had seen Skinner being handcuffed but indicated that it would not affect their judgment. None of the other jurors noticed the handcuffing and indicated that the knowledge of it now would not affect their judgment. The judge therefore overruled Skinner's motion for a mistrial.

Skinner argues that exposing the jury "to any vestige of the accused's incarceration--shackles, handcuffs or other manacles" requires reversal and entitles him to a new trial. The State responds that the fact that Skinner was seen by only two jurors after the trial was officially recessed and the lunch break declared is not sufficient evidence of prejudice to warrant reversal.

The Mississippi Supreme Court has had the opportunity to address this issue on numerous occasions. *See Rush v. State*, 301 So. 2d 297, 300 (Miss. 1974); *Lockett v. State*, 517 So. 2d 1317, 1330 (Miss. 1987); *Wiley v. State*, 582 So. 2d 1008, 1013-14 (Miss. 1991); *Davenport v. State*, 662 So. 2d 629, 633 (Miss. 1995); *Brown v. State*, No. 95-DP-00407-SCT, 1996 WL 711294 *9 (Miss. Dec. 12, 1996). Generally, the supreme court has found that a defendant's right to a fair trial has not been violated where the defendant has been seen by the jury in shackles and handcuffs. *Brown*, No. 95-DP-00407-SCT, 1996 WL 711294 at *9. The supreme court, quoting *Rush v. State*, has stated:

It is a common-law right of a person being tried for the commission of a crime to be free from all manner of shackles or bonds, whether of hands or feet, when in court in the presence of the jury, unless in exceptional cases where there is evident danger of his escape or in order to protect others from an attack by the prisoner. Whether that ought to be done is in the discretion of the Court, based upon reasonable grounds for apprehension. But, if this right is violated, it may be ground for the reversal of a judgment of conviction.

However, the failure, through an oversight, to remove handcuffs from a prisoner for a short time or any technical violation of the rule prohibiting shackling, not prejudicial to him, is not ground for reversal. *Rush*, 301 So. 2d at 300.

*Davenport,* 662 So. 2d at 633.

In the present case, Skinner was handcuffed as the jury was exiting the courtroom for lunch. After questioning the jurors, the judge determined that only two of the jurors actually witnessed the handcuffing and that none of the jurors had been prejudiced by either seeing or knowing that Skinner was handcuffed prior to his being escorted to lunch.

We find that the handcuffing in the presence of two jurors was an attempt by an police department to safely transport its prisoner to lunch. The judge determined that the jurors were not prejudiced by this incident and did not abuse his discretion in overruling Skinner's motion for a mistrial. We therefore find Skinner's argument to be without merit and affirm the decision of the lower court.

**THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF ESCAPE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO MONTGOMERY COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND SOUTHWICK, JJ., CONCUR.**