ISHEE, J.,
 

 for the Court.
 

 ¶ 1. In August 2006, Rodarius Bonard Stewart was tried and convicted of murder in the Circuit Court of Alcorn County and sentenced to life in prison. Prior to trial, Stewart made two motions for a change of venue, both of which were denied. Stewart is now appealing his conviction, asserting (1) that the circuit court improperly denied his second motion for a change of venue; (2) that the prosecutor asked improper questions while cross-examining Stewart; and (3) that the prosecutor made improper racially-based comments to the jury during his closing arguments. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 2004, Stewart and several friends arrived at a late-night party in Corinth. An altercation between Stewart, his friends, and some people already attending the party ensued, resulting in Stewart and his friends leaving the party. As they were driving away, Stewart shot wildly out
 
 *14
 
 of the car window, hitting and killing Tyler Grant Hamlin.
 

 ¶ 3. Stewart was indicted for murder in September 2004.
 
 In
 
 January 2005, he filed a motion for a change of venue. That motion was denied in June 2005, but the circuit court granted an extension for the filing of motions in the case until August 1, 2005. Stewart filed a second motion for a change of venue on July 27, 2005, and that motion was denied as well.
 

 ¶ 4. In support of his second motion for change of venue, Stewart submitted two signed letters from local citizens stating that they did not believe that Stewart could receive a fair trial in the county because of the prejudicial press coverage and general community sentiment surrounding the case. In producing the letters, Stewart sought to establish a presumption that a change of venue was necessary. The circuit court first determined that the letters had not been submitted in a form sufficient to give rise to a legal presumption that a change of venue was, in fact, necessary. The court, however, proceeded to address the merits of the motion as if Stewart had successfully established the presumption in favor of a change of venue.
 

 ¶ 5. The circuit court first determined that the circumstances of Stewart’s case did not meet any of the legal requirements that give rise to an irrebuttable presumption in this state that a change of venue is required. Furthermore, after hearing evidence on the motion from witnesses for both the prosecution and defense, the court also determined that conditions within the surrounding area were such that a fair and impartial jury could be selected and that Stewart could receive a fair trial within Alcorn County. A venire pool was drawn up, and a jury was selected over the course of two days in August 2006. Stewart was subsequently convicted of depraved-heart murder, and it is from this conviction that he now appeals.
 

 DISCUSSION
 

 (1) The circuit court properly denied Stewart’s motion for a change of venue.
 

 ¶ 6. Stewart argues that the circuit court improperly denied his second motion for a change of venue; and therefore, he is entitled to a new trial. We review denials of motions for change of venue for abuse of discretion.
 
 Adams v. State,
 
 944 So.2d 86, 89(¶ 17) (Miss.Ct.App.2006) (citing
 
 Grayson v. State,
 
 806 So.2d 241, 250(¶ 20) (Miss.2001)). “Granting of a change of venue is a matter so largely in the sound discretion of the trial court that a judgment of conviction will not be reversed on appeal on the ground that a change of venue was refused, unless it clearly appears that the trial court abused its discretion.”
 
 Id.
 
 (citing
 
 Gray v. State,
 
 728 So.2d 36, 65 (¶ 143) (Miss.1998)). In reviewing whether the trial court abused its discretion in denying a change of venue “we look to the completed trial, particularly including the voir dire examination of prospective jurors, to determine whether the accused received a fair trial.”
 
 Lutes v. State,
 
 517 So.2d 541, 546 (Miss.1987) (quoting
 
 Winters v. State,
 
 473 So.2d 452, 457 (Miss.1985)).
 

 ¶ 7. Under Mississippi law, upon a proper application for a change of venue a presumption arises that an impartial jury cannot be obtained.
 
 Evans v. State, 725
 
 So.2d 613, 647(¶ 99) (Miss.1997). A proper application for change of venue is made by making a motion supported by the affidavits of two or more witnesses in conformance with the requirements of Mississippi Code Annotated section 99-15-35.
 
 Lutes,
 
 517 So.2d at 545. Furthermore, our supreme court has identified several factors that, when present, make the presumption
 
 *15
 
 for a change of venue irrebuttable. These are:
 

 (1) Capital cases based on considerations of a heightened standard of review;
 

 (2) Crowds threatening violence toward the accused;
 

 (3) An inordinate amount of media coverage, particularly in cases of
 

 (a) serious crimes against influential families;
 

 (b) serious crimes against public officials;
 

 (c) serial crimes;
 

 (d) crimes committed by a black defendant upon a white victim;
 

 (e) where there is inexperienced trial counsel.
 

 White v. State,
 
 495 So.2d 1346, 1349 (Miss.1986).
 

 ¶ 8. In this case, Stewart never properly applied for a change of venue; and therefore, he never successfully raised a presumption that a change of venue was necessary. The record and the opinion of the circuit court denying the second motion for a change of venue reflect that Stewart only submitted one affidavit in the proper form, even after being granted additional time to do so. Notwithstanding this failure, however, the circuit court addressed the merits of Stewart’s motion for change of venue as if he had successfully established the presumption that a change of venue was necessary.
 

 ¶ 9. The circuit court noted that none of the elements set forth in
 
 White,
 
 which would make the presumption in favor of a change of venue irrebuttable, had been met. Stewart’s case was not a capital case on consideration for a heightened standard of review.
 
 [1]
 
 After hearing evidence from a wide variety of witnesses for both the prosecution and defense, the circuit court concluded that there was no evidence of crowds or even of any one person threatening violence toward Stewart and that just one article about his case had been printed in the local paper up to that point in time. The circuit court found no reason why Stewart could not receive a fair trial within Alcorn County, so the court denied Stewart’s second motion for a change of venue.
 

 ¶ 10. Stewart, however, points to the voir dire examination of several jurors by the circuit court to support his argument that a change of venue was necessary. Specifically, he argues that the fact that several jurors knew the victim or members of his family, along with the fact that one juror in particular may have stated that his knowledge of the victim’s family might influence his judgment, necessitated a change of venue after the completion of voir dire. However, Stewart had “ample opportunity to question members of the venire [panel] and to use both his peremptory challenges and challenges for cause.”
 
 Conner v. State,
 
 971 So.2d 630, 635(¶ 14) (Miss.Ct.App.2007).
 

 ¶ 11. Indeed, Stewart did strike or attempt to strike many members of the veni-re panel that had some relationship to the victim, using either peremptory challenges or challenges for cause, but he failed to challenge the selection of the jurors he now complains of on appeal. Stewart also made no attempt to request additional challenges from the circuit court. The final jury was composed of some people who had a relationship with or knew members of the victim’s family, some that had a relationship with or knew members of Stewart’s family, and some who had no relationship with either the victim’s or
 
 *16
 
 Stewart’s family. We are mindful that “[t]he Constitution of this state ... only requires that an accused get a fair trial, not a perfect one.”
 
 Lutes,
 
 517 So.2d at 546 (citing
 
 Sand v. State,
 
 467 So.2d 907 (Miss.1985);
 
 Bell v. State,
 
 443 So.2d 16 (Miss.1983);
 
 Palmer v. State,
 
 427 So.2d 111 (Miss.1983);
 
 Shaw v. State,
 
 378 So.2d 631 (Miss.1979)). Under the stated facts, we cannot say that Stewart’s right to a fan* trial was fundamentally compromised or that the circuit court abused its discretion in failing to grant Stewart’s motion for a change of venue. Accordingly, we find his argument on this issue to be without merit.
 

 (2) The prosecutor did not make improper comments during his examination of Stewart.
 

 ¶ 12. Stewart contends that the prosecutor made improper comments during his examination of Stewart by suggesting that the prosecutor, if faced with a similar circumstance as Stewart faced shortly after the commission of his crime, would have sought the help of the police. However, Stewart cites no authority to support this proposition. The supi'eme court has repeatedly held “that it is the duty of an appellant to provide authority and support of an assignment.”
 
 Williams v. State,
 
 708 So.2d 1358, 1361(¶ 12) (Miss.1998) (quoting
 
 Hoops v. State,
 
 681 So.2d 521, 526 (Miss.1996);
 
 Kelly v. State,
 
 553 So.2d 517, 521 (Miss.1989)). It is well settled that this Court “is under no duty to consider assignments of error when no authority is cited.”
 
 Id.
 
 (quoting
 
 Hoops,
 
 681 So.2d at 526;
 
 Hewlett v. State,
 
 607 So.2d 1097, 1106 (Miss.1992)). Furthermore, even if this issue was supported by some authority, we would still be compelled to find it lacking in merit. After the objection by defense counsel, the trial judge struck the prosecutor’s comments from the record and instructed the jury to disregard them. This Court has stated that:
 

 It is presumed that the jury follows the instructions of the trial court. We have repeatedly held that where the trial court sustains an objection to the inadmissible testimony of a witness and instructs the jury to disregard the same, prejudicial error does not result from that improper testimony.
 

 Knight v. State,
 
 854 So.2d 17, 20(¶ 7) (Miss.Ct.App.2003) (quoting
 
 Baldwin v. State,
 
 784 So.2d 148, 157(¶ 31) (Miss.2001)). Accordingly, we find Stewart’s argument on this issue to be meritless.
 

 (3) The prosecutor did not send an impermissible racial message to the jury.
 

 ¶ 13. Stewart asserts that the prosecutor sent an impermissible racial message to the jury in his closing argument. Stewart correctly notes that “[t]he race question and all of its vexations and perplexities should be dropped at the outer door of all courts of justice ... [and that] under no circumstances should the court permit the officers of the state to say or do anything which might in the remotest degree prejudice the jury against the defendant on account of race or color or social standing.”
 
 Tate v. State,
 
 784 So.2d 208, 215(¶ 33) (Miss.2001) (citation omitted). It is also true that the prosecutor made comments that referenced race during his closing argument, stating:
 

 This case has everything to do with race. This case has nothing to do with race. It has everything to do with race in that a black man is accused of killing a white man. It has nothing to do with race because justice is blind. The killer is the defendant. The deceased is the victim. It has everything to do with race because obviously from the groups that were involved, prejudices and stereotypes and fears that they have of each other [sic]. But it has nothing to do
 
 *17
 
 with race because you are white and black. You’re male and female. You’re young and older. And you looking at what happened out there, the facts that occurred, is where justice is made.
 

 However, the prosecutor’s statements make clear that, far from attempting to prejudice the jury against Stewart based on his race, he was actually attempting to focus the jury’s attention on the fact that them duty was to examine the facts,
 
 regardless of the race of the accused and the victim,
 
 and return a verdict based solely on those facts. Accordingly, we find this issue to be without merit.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
 

 LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., AND IRVING, J., CONCUR IN RESULT ONLY.
 

 [1]
 

 . In this context, the language "heightened standard of review” refers to death penalty cases.
 
 See King v. State,
 
 784 So.2d 884, 886(¶ 5) (Miss.2001).